# EXHIBIT A

1  TIMOTHY G. TIETJEN (SBN 104975)
2  ROBERT IGLEHEART (SBN 291650)
   ROUDA, FEDER, TIETJEN & McGUINN
3  44 Montgomery Street, Suite 750
   San Francisco, California 94104
4  Telephone: 415-398-5398
   Facsimile: 415-398-8169
5  mc.team@rftmlaw.com
   www.rftmlaw.com
6
7  ATTORNEYS FOR PLAINTIFFS
   ROHINI SUNDARAM and ANAND CHANDRAN
8

ENDORSED
FILED
ALAMEDA COUNTY

MAR 02 2020

CLERK OF THE SUPERIOR COURT
By _____

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                 IN AND FOR THE COUNTY OF ALAMEDA

| ROHINI SUNDARAM and ANAND CHANDRAN, | Case No. **RG20056779** |
|---|---|
| Plaintiff, | COMPLAINT FOR PERSONAL INJURIES |
| v. | JURY TRIAL DEMANDED |
| WALMART, INC. and DOES 1-10, inclusive, | Unlimited Jurisdiction: Damages Sought Exceed $25,000 |
| Defendants. | |

(FAXED)

Plaintiffs ROHINI SUNDARAM and ANAND CHANDRAN allege the following:

1.  Plaintiff ROHINI SUNDARAM and ANAND CHANDRAN are natural persons who are, and at all times mentioned in this complaint were, lawfully married and residing in Aliso Viejo, California.

2.  Defendant WALMART, INC. and Does 1-5, are Arkansas Corporations, which own and operate discount and grocery stores under the names of Walmart in California.

3.  At all times herein mentioned, Defendants and each of them were in possession of and owned and controlled the business premises known as Walmart at 15555 Hesperian Boulevard, San Leandro, California.

4. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences alleged in the Complaint, and Plaintiff's injuries as alleged were proximately caused by said Defendants' negligence.

5. At all times herein mentioned, each Defendant was the agent and/or employee of every other Defendant, and in doing the things, acts, and omissions hereinafter more fully alleged, was acting within the scope and authority of said agency and employment.

**FIRST CAUSE OF ACTION**

**(Negligence-Against All Defendants)**

6. On or about June 16, 2018 while Plaintiff ROHINI SUNDARAM was shopping at the above-described business premises of Defendants, Defendants so carelessly and negligently controlled, inspected and cleaned the floors of said premises so as to cause and allow an accumulation of liquid to exist on said floor, thus making the surface of the floor extremely slippery and unsafe.

7. The slippery and unsafe condition was known, or in the exercise of ordinary and reasonable care would have been known, to Defendants in adequate time for a reasonably prudent owner and operator of a grocery store to warn of, or make safe, the condition.

8. As a proximate result of the negligence of Defendants and each of them, Plaintiff ROHINI SUNDARAM slipped and fell while walking on the floor where the liquid had accumulated, sustaining severe injuries and damages as hereinafter alleged.

9. As a direct and proximate result of Defendants' negligence, Plaintiff ROHINI SUNDARAM sustained injury to her body and shock and injury to her nervous system and person. Plaintiff continues to experience physical and nervous pain and suffering, to her general damage in an amount which exceeds the jurisdictional minimum of this Court. These injuries, which are the

1  direct consequences of Defendants' negligent actions, affect Plaintiff's well-being in the present, and will continue into the foreseeable future.

10. As a further direct and proximate result of said negligence of Defendants, and each of them, Plaintiff was required to, and did, incur medical and incidental expenses for the services of physicians to examine, treat, and care for these injuries, and will incur additional like expenses in the future, in amounts to be proved at time of trial.

11. As a further direct and proximate result of said negligence of Defendants, and each of them, and of the injuries caused to Plaintiff, Plaintiff has suffered a past loss of earnings and income, and will continue to lose earnings and income in the future, and Plaintiff has suffered past and future impairment of her earning capacity, in an amount to be proved at time of trial.

WHEREFORE, Plaintiff ROHINI SUNDARAM prays judgment against Defendants, and each of them, as set forth below.

## SECOND CAUSE OF ACTION

### (Loss of Consortium)

Plaintiff ANAND CHANDRAN complains and alleges as a first cause of action for himself against defendants WALMART, INC., and DOES 1-10, inclusive, as follows:

12. Plaintiff incorporates by reference paragraphs 1 to 11 above, as though fully set forth here.

13. Immediately before this accident, plaintiff ROHINI SUNDARAM was an adult person in good physical and mental health and was lawfully married to plaintiff ANAND CHANDRAN. Plaintiff ANAND CHANDRAN enjoyed the love, companionship, affection, society, household services, and solace of this relationship.

14. Before the injuries sustained as a result of the negligence of defendants, plaintiff ROHINI SUNDRAM was able to and did perform her duties as a spouse. After the injuries, and as a direct and legal result of them, plaintiff ROHINI SUNDARAM has been limited in performing these spousal duties. Plaintiff ROHINI SUNDARAM'S performance of these duties will be limited in the future.

\\\

15. As a direct and legal result of the aforementioned injuries suffered by plaintiff ROHINI SUNDARAM, plaintiff ANAND CHANDRAN has been deprived of the affection, companionship, society, care, comfort, protection, services, conjugal fellowship, household services, and support of his spouse. Plaintiff ANAND CHANDRAN has suffered and will suffer economic and noneconomic losses in an amount subject to proof which exceeds the minimum jurisdictional amount of this Court.

WHEREFORE, plaintiff ANAND CHANDRAN prays judgment as set forth below.

**PRAYER**

WHEREFORE, plaintiffs ROHINI SUNDARAM and ANAND CHANDRAN pray for judgment as follows:

1. For general damages according to proof;
2. For medical and related expenses according to proof;
3. For loss of earnings according to proof;
4. For costs of suit herein incurred; and
5. For other such and future relief as the Court may deem proper.

DATED: March 2, 2020

ROUDA, FEDER, TIETJEN, and McGUINN

By: _____
Timothy G. Tietjen
Robert Igleheart
Attorneys for Plaintiffs